552 A.2d 302

Priscilla LICHTENWALNER, Rebecca Lichtenwalner and John Lichtenwalner, minors by Leon LICHTENWALNER and Constance Lichtenwalner, their Guardians and Leon Lichtenwalner and Constance Lichtenwalner, Husband and Wife, Appellants,

v.

Janet E. SCHLICTING, Executrix of the Estate of Allan W. Schlicting and Skyten Flying Club, Inc. and Cessna Aircraft Co., Appellees.

Superior Court of Pennsylvania.

Argued Oct. 25, 1988.

Filed Jan. 9, 1989.

Patrick J. Reilly, Allentown, for appellants.

Laura Ann Feldman, Philadelphia, for appellees.

Before CIRILLO, President Judge, and WIEAND and McEWEN, JJ.

PER CURIAM:

The complaint in this civil action contained separate counts alleging that the minor plaintiffs, Priscilla, Rebecca, and John Lichtenwalner, had suffered emotional distress when an aircraft owned by the defendant, Skyten Flying Club, Inc., and operated by Allan W. Schlicting, the decedent whose estate was named as a defendant, crashed into the yard of the home where the minor plaintiffs were residing. The defendants filed preliminary objections in the nature of a demurrer in which they asserted that the minor plaintiffs had failed to allege a valid cause of action in the absence of an averment that the aircraft had physically injured or impacted with the minor plaintiffs. The trial court, following argument, sustained the defendants' preliminary objections but granted leave to plaintiffs to file an amended complaint within twenty (20) days. Specifically, the court's order provided:

"It is ordered that defendants' preliminary objections to plaintiffs' complaint are hereby sustained; and

506 

It is further ordered that plaintiffs are hereby granted leave to amend their complaint to allege their 'best case' within 20 days."

From this order the plaintiffs appealed. We quash the appeal for lack of jurisdiction.

"As a general rule, in Pennsylvania, an order which sustains a preliminary objection in the nature of a demurrer, without dismissing the complaint, entering judgment, or otherwise terminating the action between the parties, is interlocutory and, therefore, lacks the requisite finality to be an appealable order. The reason for this rule is that the pleader may be able to amend the pleading demurred to so as to cure the defects attacked by the demurrer." 16 Std.Pa.Prac. § 86:24. See: *Sullivan v. Philadelphia,* 378 Pa. 648, 107 A.2d 854 (1954); *Jones v. Nissenbaum, Rudolph & Seidner,* 244 Pa.Super. 377, 368 A.2d 770 (1976). Thus, an order sustaining preliminary objections in the nature of a demurrer and directing the plaintiffs to file an amended complaint is interlocutory and not appealable. See: *Westbury Realty Corp. v. Lancaster Shopping Center, Inc.,* 396 Pa. 383, 386, 152 A.2d 669, 671 (1959); *Shadie v. Nanticoke UAW Housing Co.,* 292 Pa.Super. 467, 437 A.2d 769 (1981); *Graybill v. Fricke,* 53 Pa.Cmwlth. 8, 10, 416 A.2d 626, 628 (1980).

In the instant case, it is abundantly clear that the minor plaintiffs are not "out of court" on their alleged cause of action for emotional distress. The order sustaining preliminary objections in the nature of a demurrer to their alleged causes of action and directing them to file an amended complaint is not final but interlocutory. Appellants' counsel assured us at oral argument that an amended complaint could be filed, and appellants' brief contains a request that, in the event we affirm the trial court's order on its merits, an order be entered which will remand to allow them to file an amended complaint. Under these circumstances, we have no jurisdiction to consider the merits of the appeal. The appeal is premature and must be quashed.

It is so ordered.