586 A.2d 402

Melvin SPIVACK and Ann M. Spivack, Appellants,

v.

BERKS RIDGE CORPORATION INC. and BRCM Corporation, Berwind Corporation, Berwind Realty Services, Inc., Berwind Development Services Inc., Breyer Woods Limited Partnership, Bervest of Pennsylvania Inc., Breyer Real Estate Development Company, David Huston and Robert E. Tait.

Superior Court of Pennsylvania.

Submitted Nov. 28, 1990.

Filed Dec. 27, 1990.

Reargument Denied Feb. 12, 1991.

As Revised Feb. 19, 1991.

74

J. Kurt Straub, Philadelphia, for appellants.

Cliff Russell, Ambler, for appellees.

Before OLSZEWSKI, TAMILIA and HESTER, JJ.

TAMILIA, Judge:

Appellants Melvin and Ann Spivack, plaintiffs below, appeal from Orders denying their motion to compel dis-

covery and sustaining the appellees' preliminary objections,[1] entered July 26, 1989 and February 9, 1990 respectively.

On May 5, 1987, the appellants entered into a contract with appellee Breyer Woods[2] for the sale of a yet to be constructed condominium. The parties closed the deal on January 12, 1988. On January 13, 1989, the appellants filed a complaint against appellees alleging the unit sold to them, as constructed, marketed and developed, was deficient, and alleging specifically the following defects: inadequate insulation; inadequately designed heating and air conditioning; and undersized, improperly located heating unit and gas furnace which failed to meet industry standards. The appellants' complaint included the following six counts:

COUNT I    Breach of contract against sellers.

COUNT II    Negligent construction and design against builder/general contractor of heater and HVAC system.

COUNT III    Breach of warranty against builder/general contractor.

COUNT IV    Breach of warranty against sellers.

COUNT V    Fraud against all defendants.

COUNT VI    Conspiracy to defraud against all defendants.

The appellants contend all issues now presented are appropriately before this Court as they stem from a final, appealable Order (February 9, 1990, sustaining preliminary objections) thereby extending the scope of appellate review to the entire record. Appellant urges further the following errors of law: 1) motion to compel discovery was improperly denied; 2) court improperly ordered appellants to file more specific pleadings to counts I and IV; 3) court erroneously dismissed Counts II and III as against the builders for lack of a contractual relationship as there exists implied

---

**1.** The appellants were, however, granted leave to file more specific pleadings with regard to paragraphs 18 and 19, the ad damnum clauses and Counts I and IV of the complaint. Counts II, III, V and VI were dismissed.

**2.** General partners of Breyer Woods, which conveyed the unit to the appellants, are Bervest and Breyer Real Estate.

warranties of habitability and reasonable workmanship in all sales of newly constructed homes; and 4) the court erroneously determined there was no basis for the allegations of fraud and conspiracy to commit fraud.

The appellees argue, and we agree, that the Order sustaining appellees' preliminary objections, while granting appellants' leave to replead two counts, does not constitute a final Order subject to appellate review in its entirety. A final Order is one which ends the litigation or, in effect, disposes of the entire case. *Praisner v. Stocker*, 313 Pa.Super. 332, 459 A.2d 1255 (1983). As a general rule, an Order dismissing some but not all counts of a multi-count complaint is interlocutory and not appealable. *Id.* More recently, this Court has held that even when a court sustains preliminary objections in the nature of a demurrer, that action is not final and appealable where the trial court grants leave to amend the complaint. *Lictenwalner v. Schlicting*, 380 Pa.Super. 504, 552 A.2d 302 (1989). When the dismissal of one or more counts of a multi-count complaint has the effect of precluding the plaintiff from pursuing the merits of separate and distinct causes of action, the Order sustaining the preliminary objections is final with regard to those causes of actions dismissed. *Cloverleaf Development v. Horizon Financial*, 347 Pa.Super. 75, 500 A.2d 163 (1985).

In light of the aforementioned cases, this Court finds the Order sustaining appellees' preliminary objections final and appealable only with regard to those counts which the trial court dismissed. That part of the February 9, 1990 Order granting leave to amend Counts I and IV is interlocutory and not properly before this Court.

Next appellants argue the court erred by dismissing Counts II and III, negligence and breach of warranty, as against the builder/general contractor of the condominium in question. In dismissing the negligence cause of action, the court discussed the elements of negligence and found the builder/contractor owed no duty to the appellants. We

affirm the court's decision dismissing the negligent cause of action, however, on different grounds. *See Gutman v. Giordano,* 384 Pa.Super. 78, 557 A.2d 782 (1989).

The general rule of law is that economic losses may not be recovered in tort (negligence) absent physical injury or property damage. *Aikens v. Baltimore & Ohio R. Co.,* 348 Pa.Super. 17, 501 A.2d 277 (1985); *Hammermill Paper Co. v. C.T. Main Construction, Inc.,* 662 F.Supp. 816 (1987). The record herein offers no indication of either personal injury to the appellants or property damage to their condominium resulting from the builder/contractor's actions or lack thereof.

However, with regard to the breach of warranty action, we hold the trial court erred in its dismissal and, accordingly, reverse. Privity of contract is not required to assert a breach of warranty claim against the builder of a new residential unit. *Spencer v. Leo S. Firanski & Son, Inc.,* 67 Pa.D. & C.2d 235 (1974); *Skretvedt v. The Maple Corporation,* 72 Pa.D. & C.2d 637 (1974). In *Elderkin v. Gaster,* 447 Pa. 118, 288 A.2d 771 (1971), our Supreme Court ruled that a builder/vendor impliedly warrants that the house he has built and is selling is constructed in a reasonable workmanlike manner and that it is fit for habitation. Such warranties arise by operation of law, independent of any contractual representations. Although this Court has not heretofore ruled on whether implied warranties extend from a builder of a residential unit to the initial purchaser-user when the builder is not also the seller, logic requires such a finding. This Court having previously found an implied warranty exists from the builder/vendor of a new house to his vendee (herein the developer), sees no logical reason to limit the builder's warranty to his immediate vendee. Where the builder knows or should know that that particular purchaser will not be the first user, as in the instant matter, any implied warranties must necessarily extend to the first user-purchaser, herein the appellants. Warranties of habitability and reasonable workmanship are not created by representations of the builder/vendor but

rather are implied in law and, as such, exist independent of any representations of a builder/vendor. *Ecksel v. Orleans Construction Co.,* 360 Pa.Super. 119, 519 A.2d 1021 (1987). *See also Tyus v. Resta,* 328 Pa.Super. 11, 476 A.2d 427 (1984).

Lastly, with regard to the Order sustaining preliminary objections, appellant argues it was error to dismiss the fraud and conspiracy to commit fraud counts as all essential elements thereof were properly pleaded. In dismissing these causes of action, the court reasoned the allegations were more properly the bases for claims under breach of contract or breach of warranty theories, and determined the record failed to support a basis for a charge of fraud or conspiracy to defraud. We agree.

A cause of action in fraud must be pled with particularity. Pa.R.C.P. 1019. Fraudulent misrepresentation involves knowing or reckless communication of misrepresentation and will be found when the representer knows that the matter is not as it is represented to be. *Woodward v. Dietrich,* 378 Pa.Super. 111, 548 A.2d 301 (1988). The appellants' complaint fails to set forth with any degree of particularity alleged misrepresentations made by the appellees. There is nothing of record to support an averment the appellees knew, for example, the heating system would, as alleged, be inadequate to satisfy the appellants' desired comfort level. As the appellees point out in their brief, the appellants cannot generally argue in good faith the appellees committed fraud or conspired to commit fraud with regard to "deficiencies and defects described above" when, for example, one such defect is the alleged misplacement of heating ducts, the location of which was directed by the appellants. (*See* appellants' complaint, paragraphs 18(i) and 43.) We agree with the trial court in finding Counts V and VI to be without merit and find they were properly dismissed.

Appellant also appeals from the Order denying their motion to compel discovery. We find this Order to be

interlocutory in its entirety and not now subject to review by this Court. The Order does not purport to eliminate discovery or preclude the appellants from seeking some or all of the information sought at another time or in another form. Nor does this Order "put the appellants out of court" with regard to the litigation at bar. As this Court stated:

> As a general rule, this Court will not provide interim supervision of discovery proceedings conducted in connection with litigation pending in the several trial courts. In the absence of unusual circumstances, we will not review discovery or sanction orders prior to a final judgment in the main action.

*McManus v. Chubb Group of Insurance Companies*, 342 Pa.Super. 405, 410, 493 A.2d 84, 87 (1985). There are no unusual or exigent circumstances warranting our review of this Order prior to the resolution of all of the appellants' claims by the trial court. This portion of the appellants' appeal is, according, quashed.

After a careful review of the record with regard to the February 9, 1990 Order sustaining appellees' preliminary objections, we hold only Counts II, III, V and VI, which were dismissed by the trial court, are now properly before this Court. Counts I and IV, which the court granted appellants leave to amend, are interlocutory and not within our scope of review. The court's decision dismissing Count II, negligence against the builder/contractor, is affirmed, while the decision dismissing Count III, breach of warranty, is reversed. We affirm the trial court's dismissal of Counts V and VI, fraud and conspiracy to commit fraud. Finally, we find the appeal from the July 26, 1989 Order denying appellants' motion to compel is not ripe for our review and is, accordingly, quashed.

Appeal as to the July 26, 1989 Order is quashed.

Appeal quashed as to those portions of the February 9, 1990 Order which dispose of Counts I and IV of the complaint.

Order affirmed as to those portions of the February 9, 1990 Order which dispose of Counts II, V and VI of the complaint.

Order reversed as to that portion of the February 9, 1990 Order which disposes of Count III of the complaint.

Jurisdiction relinquished.