# Clouser's Autobody Inc. v. Jewell Building Systems Inc.

C.P. of Perry County, no. 96-162.

*David Fitzsimons* and *Kathleen Dayle Yaninek,* for plaintiffs.
*John C. McNamara,* for defendant Jewell.
*Joseph F. VanHorn,* for defendant Cromleigh.

QUIGLEY, *P.J.*, January 19, 1998—In 1988, Clouser, plaintiffs, contracted with Cromleigh Brothers, defendant contractor, to construct two buildings. A pre-fabricated steel building (known as a "building in a box") was supplied to plaintiffs by Jewell, defendant manufacturer, on June 5, 1989. Construction began in August-September of 1989, and was completed in March 1990 in accordance with the agreement between the plaintiffs and defendant Cromleigh. On February 13, 1994, the larger of the two buildings collapsed due to an overbearing snow load.

On October 14, 1996, plaintiffs filed their complaint seeking to recover economic losses from damage to the building and contents, cleanup costs, loss of profits, and various other casualty. Plaintiffs proceed their action under a contract theory of breach of warranty, tort theories of negligence and strict liability, and fraud. In May 1997, Jewell filed a motion for summary judgment which is presently before this court for disposition.

Defendant Jewell moves for summary judgment on all counts for the foregoing reasons: (1) plaintiffs' recovery for their damages pleaded in tort is barred as a matter of law because these losses are purely economic and/or consequential in nature and may not be recovered in negligence or strict liability; (2) plaintiffs' recovery for their economic damages under a breach of warranty theory is limited by the express terms of Jewell's exclusive "one year building warranty" which was issued to plaintiffs on June 5, 1989. In addition, the warranty expired by its terms on June 5, 1990, which was well before the date of plaintiffs' claimed loss; (3) plaintiffs' complaint fails to state a cause of action in fraud.

ISSUE NO. 1

In regards to the case at bar, the economic loss doctrine provides that "negligence and strict liability theories do not apply in an action between commercial enterprises involving a product that malfunctions where the only resulting damage is to the product itself." *REM Coal Co. Inc. v. Clark Equipment Co.*, 386 Pa. Super. 401, 412-13, 563 A.2d 128, 133-34 (1989). In *REM Coal*, the Superior Court concluded that REM Coal failed to state a cause of action in tort because they did not allege damages exclusive of the loss of the product itself but merely sought to recover the benefit of the bargain. *Id.* at 413, 563 A.2d at 134. To adequately determine whether Jewell's motion for summary judgment is meritorious in regards to the first issue, we first considered two vital subissues: (1) how the doctrine applies when the building damaged "other property"; (2) whether or not the building at issue is a "product," therefore applicable to the economic loss doctrine.

Plaintiffs argue that the economic loss doctrine does not apply in tort because the building and/or its parts and components damaged "other property." Although the Pennsylvania Supreme Court has not specifically addressed this area of the law, the Superior Court has found in a multitude of cases that a plaintiff can proceed in tort against a manufacturer if the product causes personal injury or damage to "other property." *New York State Electric & Gas Corporation v. Westinghouse*, 387 Pa. Super. 537, 550, 564 A.2d 919, 925 (1989). That is, the general rule in Pennsylvania law is that economic losses may not be recovered in tort absent physical injury or property damage. *Spivack v. Berks Ridge Corp. Inc.*, 402 Pa. Super. 73, 586 A.2d 402 (1990); *General Public Utilities v. Glass Kitchens of*

*Lancaster Inc.,* 374 Pa. Super. 203, 542 A.2d 567 (1988). This court understands all of the above cases to mean that: "if tort causes only pecuniary loss, such as the loss of the financial benefits of a contract, the loss of prospective trade, or financial loss by being put to additional expense, there can be no recovery unless it is accompanied by physical harm to the person or the property of the plaintiff. Since this case involves property damage . . . they may bring an action to recover all of their losses." *Corporate Plaza Partners v. F&M Associates,* no. 95-C-435 (Lehigh County, August 22, 1995).

Returning to the instant complaint, plaintiffs claim the following damage: loss of building, cost to repair vehicles inside building, loss of contents, cleanup costs, rent and loss of profits. From this, it appears that the damage allegations remove this matter from the purview of the economic loss doctrine. Therefore, this court believes the economic loss doctrine is inapplicable and does not bar recovery in tort in this case as there was damage exclusive of the building itself.

Secondly, whether or not Jewell's building in a box is a "product" need not be considered because the economic loss doctrine is inapplicable to the case at bar.

## ISSUE NO. 2

The second issue in this particular case is whether Jewell's motion for summary judgment should be denied in regards to the contract theory of breach of warranty.

This court believes there is a genuine issue of material fact as to whether Cromleigh was an "agent" and/or representative of Jewell, and whether plaintiffs received any express written warranty or document on the buildings erected by Cromleigh Brothers.

For the foregoing reasons, this court does not need to conclusively decide whether the contract was for a sale of goods or for engineering/design services. Nor do we need to decide whether the warranty expired by its terms before the loss claimed by the plaintiffs. Therefore, this court denies Jewell's motion for summary judgment in regards to the warranty issue.

## ISSUE NO. 3

The elements of intentional misrepresentation or fraud are: "(1) a representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on their misrepresentation[s]; and (6) the resulting injury was proximately caused by the reliance." *Gibbs v. Ernst*, 538 Pa. 193, 207, 647 A.2d 882, 889 (1994), citing Prosser and Keaton on the Law of Torts, section 105 (5th ed. 1984) and Restatement (Second) of Torts, section 525 (1977). "Whether [or not] an agency relationship exists is a question of fact for the jury." *Bolus v. United Penn Bank*, 363 Pa. Super. 247, 259, 525 A.2d 1215, 1221 (1987). In this case, the allegations of fraud rest substantially on whether Cromleigh was an agent of Jewell. As earlier noted, this court believes this is an issue for a trier of fact, therefore improper for summary judgment.

For all of the foregoing reasons, this court denies summary judgment on all counts.

## ORDER

And now, January 19, 1998, in accordance with the within memorandum, all summary judgment motions are denied.