**Price v. Freeze & Frizz Inc.**

488

C.P. of Lancaster County, no. CI-08-03590.

*Gary G. Krafft,* for plaintiff.
*John J. Del Casale,* for defendant.

CULLEN, *J.,* November 19, 2009—Before the court for resolution are the preliminary objections filed by defendant, Freeze & Frizz Inc., to the amended complaint of William J. Price Sr. For the reasons set forth below, defendant's preliminary objections will be sustained in part and overruled in part.

PROCEDURAL AND FACTUAL BACKGROUND

This action arises out of the sale of a parcel of commercial real estate by defendant, Freeze & Frizz Inc., to plaintiff, William J. Price Sr. The initial complaint was filed March 28, 2008. Defendant filed preliminary objections on July 10, 2008, and an amended complaint was filed on July 30, 2008.

In his amended complaint, plaintiff alleges that on January 27, 2006, he entered into a written contract with defendant for the sale of commercial real estate located on Hartmann Bridge Road in Ronks, Lancaster County, Pennsylvania, and that settlement occurred March 30, 2006. Plaintiff alleges that after settlement he learned that various structural defects existed in the property, that certain equipment did not function and that the ap-

plicable zoning ordinance did not permit the rental of a portion of the property as an apartment. Plaintiff contends that defendant knowingly made false and material misrepresentations to him and concealed material facts and that he suffered financial losses as a result of his reliance on defendant's representations and omissions.

Plaintiff's claims against defendant are breach of contract (Count I), fraud (Count II) and punitive damages (Count III).

On August 13, 2008, defendant again filed preliminary objections challenging the legal sufficiency of all three counts against it.

First, defendant asserts that Count II alleging fraud must be dismissed because it is barred by the gist of the action doctrine, the parol evidence rule and the economic loss doctrine. Defendant next argues that Count III seeking punitive damages must be dismissed because such damages are not recoverable in an action based on breach of contract. Lastly, defendant requests that plaintiff's claims for breach of contract regarding structural defects and zoning as set forth in Count I be stricken on the ground that the written contract was fully integrated and that any evidence or testimony regarding alleged misrepresentations by defendant is barred by the parol evidence rule.

After the parties filed briefs in support of their positions, the preliminary objections were assigned to the court.

## DISCUSSION

Rule 1028(a) of the Pennsylvania Rules of Civil Procedure states that "[p]reliminary objections may be filed

by any party to any pleading [on the grounds of] . . . legal insufficiency of a pleading (demurrer)[.]" PA.R.C.P. 1028(a).

"Preliminary objections calling for dismissal of a cause of action should be sustained only in cases that are clear and free from doubt." *Alston v. PW-Philadelphia Weekly*, 980 A.2d 215, 219 (Pa. Commw. 2009) (citing *Anelli v. Arrowhead Lakes Community Association, Inc.*, 689 A.2d 357, 359 (Pa. Commw. 1997)) (citing *Bower v. Bower*, 531 Pa. 54, 57, 611 A.2d 181, 182 (1992). (citation omitted)) When ruling on preliminary objections, the court must generally accept as true all well and clearly pleaded facts, together with such reasonable inferences as may be drawn from those facts, but not the pleader's conclusions or averments of law. *Santiago v. Pennsylvania National Mutual Casualty Insurance Company*, 418 Pa. Super. 178, 185, 613 A.2d 1235, 1238-39 (1992). The question presented by a demurrer is whether, on the facts averred, the law says with certainty that no recovery is possible. *Id.* at 184, 613 A.2d at 1238. Any doubt as to whether a demurrer should be sustained should be resolved in favor of overruling the demurrer. *Id.*

Defendant argues that the fraud count of the amended complaint should be dismissed as barred by the gist of the action doctrine. The gist of the action doctrine bars tort claims that: (1) arise solely from a contract between the parties; (2) where the duties allegedly breached were created and grounded in the contract itself; (3) where the liability stems from a contract; or (4) where the tort essentially duplicates a breach of contract claim or the success of which is wholly dependent on the terms of

the contract. *eToll Inc. v. Elias/Savion Advertising Inc.,* 811 A.2d 10, 19 (Pa. Super. 2002). (citations omitted)

The doctrine concerns itself with the "essential ground" or material part of the entire complaint and precludes plaintiffs from recasting ordinary breach of contract claims into tort claims. *Id.* at 15.

In applying the gist of the action doctrine to a fraud claim, it is necessary to distinguish between "fraud in the inducement" and "fraud in the performance" of a contract. *Id.* at 17, 19. A plaintiff's claim of fraud in the inducement may escape dismissal under the gist of the action doctrine because "fraud to induce a person to enter a contract is generally collateral to (*i.e.,* not inter-woven with) the terms of the contract itself. *Id.* (citing *Foster v. Northwestern Mutual Life,* 2002 WL 31991114, at *2 (E.D. Pa. 2002) (applying Pennsylvania law)). However, the gist of the action doctrine applies in a "fraud in the performance" context. *Id.* at 20.

Plaintiff alleges that defendant committed fraud by misrepresenting the structural soundness, zoning and quality of the equipment associated with the sale of the real property. (Am. compl. ¶¶16-18, 36.) Plaintiff also alleges that defendant committed fraud by "intention-ally withh[olding] from plaintiff information as it pertains to the structural problems associated with the real prop-erty, the zoning problems related to operation of the real property and the non-functioning equipment." [1](*Id.* at ¶¶

---

1. It is unclear from the amended complaint whether the alleged misrepresentations and the intentional withholding of pertinent infor-mation are intended to describe different conduct, *e.g.,* affirmative misrepresentations *and* the intentional withholding of information, or

15, 37). Plaintiff avers that he "justifiably relied upon the representations of [defendant] in both signing the agreement and proceeding to settlement." (*Id.* at ¶38.)

Plaintiff states that he and defendant entered into an agreement for the sale of commercial real estate and has not asserted that the parties entered into any other agreement. (*Id.* at ¶11, exhibit A.) Plaintiff has alleged defendant acted fraudulently by conveying non-functioning equipment. (*Id.* at ¶¶15(d), 18, 34, 37.) Plaintiff's fraud claim with respect to the equipment involves and arises out of the defendant's alleged breach of duties grounded in the agreement. Specifically, the agreement contains an addendum, incorporated by reference by paragraph 5(A) of the agreement, which states in pertinent part:

"All equipment listed in attachment A shall be a part of this sale and that on the date of conveyance, all equipment being conveyed with the premises will be in good working order, except for the broken equipment stored in the basement area for parts and the water softening equipment. In addition to the equipment, all HVAC, electric and plumbing systems shall be in good working order at settlement. In the event any equipment or systems are not in good working order, [defendant] at its option may repair the non-working equipment or the parties shall negotiate what reduction in purchase price, if any, is appropriate, specifically considering the age of the equipment." (*Id.* at exhibit A, "Agreement for the sale

---

the same conduct, *i.e.*, the intentional withholding of information is the misrepresentation. Defendant has not challenged the specificity of the allegations, see PA.R.C.P. 1019(b), so the court will view the language under the liberal standard applicable to preliminary objections in the nature of a demurrer.

of commercial real estate," "Addendum to agreement for the sale of commercial real estate between [defendant] and [plaintiff] dated January 29, 2006," ¶5(A)(1).)

Further, the damages sought (*i.e.*, lost revenue, replacement costs) are the types of damages which would be compensable in an ordinary breach of contract action. (*Id.* at ¶34.) The fraud at issue was not so tangential to the parties' relationship as to make fraud the gist of the action. Rather, the gist of the fraud action lies in contract (*i.e.,* the agreement) and, thus, to the extent plaintiff's fraud claim is based on the condition of the equipment conveyed, it will be dismissed under the gist of the action doctrine.[2]

To the extent that plaintiff's fraud claim alleges defendant "intentionally *withheld* information as it pertains to the structural problems associated with the real property [and] the zoning problems related to operation of the real property" as averred in paragraph 37 of the amended complaint (emphasis added), it is not barred by the gist of the action doctrine. In this instance, plaintiff's fraud claim is collateral to, and not intertwined with, the performance obligations created by a particular term of the agreement.

To the extent that plaintiff's fraud claim alleges fraud in the *inducement,* such a claim is barred by the parol evidence rule.[3] The parol evidence rule bars the introduc-

---

2. Plaintiff has not alleged that defendant committed fraud in the performance of the agreement with respect to zoning matters and the structural soundness of the property. That is, there is no allegation that defendant failed to perform any of the specific contractual provisions set out in the agreement with respect to those two matters.

3. A claim that the plaintiff's cause of action is barred by the parol evidence rule may be raised by preliminary objection. See *Yocca v.*

tion of evidence to vary or modify the terms of an integrated contract. *Yocca v. Pittsburgh Steelers Sports Inc.,* 578 Pa. 479, 497, 854 A.2d 425, 436 (2004). The Pennsylvania Supreme Court has explained the parol evidence rule as follows:

"Where the parties, without any fraud or mistake, have deliberately put their engagements in writing, the law declares the writing to be not only the best, but the only, evidence of their agreement. All preliminary negotiations, conversations and verbal agreements are merged in and superseded by the subsequent written contract ... and unless fraud, accident or mistake be averred, the writing constitutes the agreement between the parties, and its terms and agreements cannot be added to, nor subtracted from, by parol evidence." *Id.* (citation omitted)

Thus, for the parol evidence rule to apply, there must be a writing that represents the "entire contract between the parties." *Id.* (citing *Gianni v. Russell & Co.,* 281 Pa. 320, 323, 126 A. 791, 792 (1924)). To determine whether a writing is the parties' entire contract, the writing must be looked at and "if it appears to be a contract complete within itself, couched in such terms as import a complete legal obligation without any uncertainty as to the object or extent of the [parties'] engagement, it is conclusively presumed that [the writing represents] the whole engagement of the parties . . . ." *Id.* (citation omitted) "An integration clause which states that a writing is meant to represent the parties' entire agreement is also a clear sign that the writing is meant to be just that and

---

*Pittsburgh Steelers Sports Inc.,* 578 Pa. 479, 502-503, 854 A.2d 425, 436 (2004).

thereby expresses all of the parties' negotiations, conversations, and agreements made prior to its execution." *Id.* (citation omitted)

Further "parol evidence of prior representations is inadmissible as to matters covered by the written agreement with an integration clause, unless the parties agreed that those representations would be added to the written agreement but they were omitted because of fraud, accident, or mistake." *Glassmere Fuel Service Inc. v. Clear,* 900 A.2d 398, 402 (Pa. Super. 2006). (citation omitted)

The situation described above is commonly referred to as "fraud in the execution" since the party proffering the evidence contends that he executed the agreement because he was defrauded by being led to believe that the document contained terms that actually were omitted from it. Plaintiff does not assert that such is the case here.

Plaintiff alleges that defendant knowingly made false representations which "Plaintiff reasonably relied upon . . . in both signing the agreement and proceeding to settlement." (Am. compl. ¶¶16-19, 31.)[4] The courts of

---

4. Paragraph 16 of the amended complaint avers, "From the time the agreement was signed, through settlement, [defendant] represented the real property was zoned in such a manner as to allow for the continued operation as both a commercial business and a resident apartment." (Am. compl. ¶16.) Paragraph 17 alleges, "From the time the agreement was signed, through settlement, [defendant] represented that the real property was constructed in such a manner to permit continued operation of the real property as a restaurant." (*Id.* at ¶17). Paragraph 31 states, "Plaintiff reasonably relied upon the representations of [defendant] in both signing the agreement and proceeding to settlement." (*Id.* at ¶31) Plaintiff does not indicate which specific representations defendant made before signing the agreement and which misrepresentations, if any, were made after signing but before settlement. This issue may be addressed in the amended pleading.

this Commonwealth, however, have refused to permit the introduction of parol evidence where a plaintiff alleges he was fraudulently induced to enter into a contract. *Toy v. Metropolitan Life Insurance Company,* 593 Pa. 20, 53, 928 A.2d 186, 207 (2007). See generally, *Yocca v. Pittsburgh Steelers Sports Inc.,* 578 Pa. 479, 854 A.2d 425 (2004). "[W]hile parol evidence may be introduced based on a party's claim that there was fraud in the execution of a contract, *i.e.,* that a term was fraudulently omitted from the contract, parol evidence may not be admitted based on a claim that there was fraud in the inducement of the contract, *i.e.,* that an opposing party made false representations that induced the complaining party to agree to the contract." *Yocca,* 578 Pa. at 498 n.26, 854 A.2d at 437 n.26 (citation omitted); see also, *HCB Contractors v. Liberty Place Hotel Associates,* 539 Pa. 395, 652 A.2d 1278 (1995) (stating that admitting parol evidence in claims for "fraud in the inducement" would make mockery out of parol evidence rule).

Paragraph 26(A) of the agreement states in pertinent part: "It is further understood that this agreement contains the whole agreement between [defendant] and [plaintiff] and there are no other terms, obligations, covenants, representations, statements or conditions, oral or otherwise of any kind whatsoever concerning this sale." (Am. compl., exhibit A, "Agreement for the sale of commercial real estate," ¶26.) The integration clause explicitly stating that the agreement is the "whole agreement" between the parties coupled with provisions expressing the essential terms of the parties' understanding regarding the sale of the property and conveyed equipment triggers the parol evidence rule and bars the admission of any evidence of prior oral or written negotiations, representa-

tions or agreements made by the parties concerning the sale of the property and conveyed equipment.

Accordingly, insofar as Count II of the amended complaint alleges fraud in the inducement with regard to alleged *affirmative* misrepresentations concerning the condition of the equipment, zoning and structural defects of the property, such a claim is barred by the parol evidence rule. However, to the extent that plaintiff is alleging that defendant *concealed* material facts with respect to the condition of the equipment. zoning and structural defects of the property, further discussion is necessary.

There is a narrow exception to the strict application of the parol evidence rule in sales and leases of real property. This exception was discussed at length in the seminal case of *LeDonne v. Kessler,* 256 Pa. Super. 280, 389 A.2d 1123 (1978), where the Superior Court stated, "If we seriously desire to preserve the integrity of written contracts . . . then we must insist upon the application of the parol evidence rule when a party knows about the existence of substantial problems, yet contractually stipulates that he has received no promises about these problems." *Id.* at 294, 389 A.2d at 1130. As a result, the court "should balance the extent of the party's knowledge of objectionable conditions derived from a reasonable inspection against the extent of the coverage of the contract's integration clause in order to determine whether that party could justifiably rely upon oral representations without insisting upon further contractual protection or the deletion of an overly broad integration clause." *Id.*

In *LeDonne*, the plaintiffs purchased a home from the defendants pursuant to a written contract and thereafter brought suit alleging that they purchased the home in

reliance on the defendants' fraudulent misrepresentations that a drainage problem in the septic system had been repaired and that the sundeck and cellar did not leak water. The court held that the integration clause in the home sale agreement—that the parties have full knowledge of the physical appearance of the land and building and of the value thereof and that there are no verbal representations as to character or quality—denied only existence of land and building conditions *reasonably apparent from inspection* of the premises and, thus, the plaintiffs' allegations concerning repair of an *underground* septic system were not barred by the parol evidence rule. Their allegations concerning the sundeck and cellar were barred because their inspection strongly suggested the existence of such water leakage problems, yet they signed a contract stipulating that they received no representations concerning those defects.

Plaintiff's fraud allegations concerning the intentional withholding of information with respect to structural defects fall within the *LeDonne* exception and are not barred by the parol evidence rule. Paragraph 15(b) of the amended complaint alleges that "[s]tructural repairs needed to be performed to the real property . . . ." (Am. compl. ¶15(b).) There is no indication that the necessity for these repairs would have been "reasonably apparent from inspection of the premises." [5] See *LeDonne,* 256 Pa. Super. at 294, 389 A.2d at 1130. The record warrants the opposite conclusion with respect to

5. Plaintiff alleges that plans submitted to the Commonwealth to obtain a certificate of occupancy contained information which was different from the manner in which the building was actually constructed. (Am. compl. ¶20.)

plaintiff's allegations that defendant intentionally withheld information concerning the condition of the equipment and zoning of the property. The *LeDonne* exception operates to protect purchasers of real property from subsequently discovered latent defects that are not easily ascertainable by a reasonable inspection and because of which the purchasers would have no reason to insist upon contractual protection before signing an integrated contract. *Id.* However, the exception does not apply when purchasers "fail to explain why they ignored the most basic protection against fraud available: reading the agreement before signing it and insisting upon the deletion of offending provisions or the insertion of desired guarantees." *Id.* at 295, 389 A.2d at 1130.

Here, the agreement provides specific contractual protection to plaintiff regarding the condition of the equipment as reflected in paragraph 5(A)(1), quoted above, and with respect to the zoning of the property as illustrated in paragraph 10.

"(10) *Zoning Contingency (5-01)*

"☐ Waived

"☒ Elected. Within <u>20</u> days of the execution of this agreement by all parties, [plaintiff] will verify that the proposed use of the property as <u>continued operation</u> is permitted. In the event the proposed use is not permitted, *[plaintiff] will, within the time given for verification,* notify

"[defendant] in writing that the proposed use of the property is not permitted and [plaintiff] will: . . . .

*"Within the time for verifying the zoning classification,* notify [defendant], in writing, of [plaintiff's] decision to

proceed with the purchase of the property or terminate the agreement. Should [plaintiff] elect to terminate the agreement all deposit monies paid on account of purchase price will be returned promptly to [plaintiff] and this agreement will be void. *Failure of [plaintiff] to provide written notice of [plaintiff's] decision will constitute a waiver of this contingency and [plaintiff] accepts the property and agrees to the release set forth in paragraph 25 of this agreement.*" (Am. compl., exhibit A, "Agreement for the sale of commercial real estate," ¶10. (emphasis in original))

Since the *LeDonne* exception does not govern this situation, as plaintiff had specific contractual protections, plaintiff cannot circumvent application of the parol evidence rule which precludes the admission of evidence to modify the terms of the agreement regarding the condition of the equipment and the issue of zoning of the property.[6]

Defendant also argues that the fraud count should be dismissed because it is barred by the economic loss doctrine. In Pennsylvania, this doctrine precludes recovery for economic losses in a negligence action where the plaintiff has suffered no physical or property damage. *Spivack v. Berks Ridge Corporation Inc.*, 402 Pa. Super.

---

6. Plaintiff cannot assert that he justifiably relied on any representations by defendant regarding zoning, or that he was mislead by any alleged withholding of information by defendant, when he had the opportunity under the agreement to investigate this matter for himself and to terminate the agreement and obtain the return of his deposit if he was not satisfied with the results of his inquiry concerning any zoning matters. See *Ellison v. Lopez*, 959 A.2d 395, 398 (Pa. Super. 2008) (stating "justifiable reliance by the recipient upon the misrepresentation" to be essential element of establishing fraud claim.)

73, 78, 586 A.2d 402, 405 (1990); *Aikens v. Baltimore and Ohio Railroad Company,* 348 Pa. Super. 17, 20, 501 A.2d 277, 279 (1985). When the doctrine is applicable, the plaintiff's recovery for purely economic losses is limited to an action on the contract. *New York State Electric & Gas Corporation v. Westinghouse Electric Corporation,* 387 Pa. Super. 537, 551, 564 A.2d 919, 926 (1989).

The foundation of this doctrine rests in a "concern for maintaining the separate spheres of the law of contract and tort." *Id.* at 550, 564 A.2d at 925. (citation omitted) However, while the economic loss doctrine applies to claims based on a defendant's negligence, the courts of this Commonwealth have declined to broaden the doctrine's scope to include tortious claims other than negligence. *Ellenbogen v. PNC Bank,* 731 A.2d 175, 188 n.26 (Pa. Super. 1999). "Although it makes sense to allow parties to allocate the risk of mistakes or accidents that lead to economic loss, it does not make sense to extend the doctrine to intentional acts taken by one party to subvert the purpose of a contract." *Smith Reinhart Ford,* 69 D.&C.4th 432, 437 (Lancaster Cty. 2004) (citing *First Republic Bank v. Brand,* 50 D.&C.4th 329, 342 (Phila. Cty. 2000)) (quoting *Stoughton Trailers Inc. v. Henkel Corp.,* 965 F. Supp. 1227, 1236 (W.D. Wis. 1997)). Because the economic loss doctrine is inapplicable to fraud claims, defendant's argument in this respect lacks merit.

In summary, plaintiff's claim of fraud in Count II, to the extent it is based on fraud in the performance concerning the condition of the equipment, is barred by the gist of the action doctrine. Insofar as Count II alleges

fraud in the inducement with respect to defendant's alleged *affirmative* misrepresentations regarding zoning, structural soundness and the condition of the equipment, it is barred by the parol evidence rule. To the extent plaintiff claims defendant fraudulently *concealed* material facts regarding the zoning of the property and the condition of the equipment, the claim cannot be sustained in light of the contractual provisions addressing these issues and the prohibition embodied in the parol evidence rule which precludes him from altering or modifying the contractual language. Plaintiff's claim of intentionally withholding information regarding structural defects is governed by *LeDonne* and is not barred.

Next, defendant seeks to dismiss Count III, a claim for punitive damages, on the basis that such damages are not recoverable in an action based on breach of contract. A request for punitive damage cannot stand as an independent cause of action; rather, a request for punitive damages is incidental to a cause of action. *Hilbert v. Roth,* 395 Pa. 270, 276, 149 A.2d 648, 652 (1959) ("[t]he right to punitive damages is a mere incident to a cause of action . . . and not the subject of an action itself "); *Nix v. Temple University of the Commonwealth System of Higher Education,* 408 Pa. Super. 369, 380, 596 A.2d 1132, 1138 (1991). Accordingly, this preliminary objection will be sustained.

Finally, defendant requests that the court strike from the breach of contract claim in Count I all claims based upon structural defects and zoning issues. Plaintiff alleges that defendant breached the agreement by, inter alia, "fail[ing] to disclose information pertaining to the structural integrity of the real property, together with the

zoning problems . . . constituted a material breach of the parties' agreement." (Am. compl. ¶30.) Plaintiff appears to be complaining of conduct that occurred prior to the parties' execution of the agreement. Plaintiff has not alleged defendant breached any specific contractual provision of the agreement nor has he even cursorily addressed in his brief how such a prior failure to disclose is a "breach of contract." A careful review of the agreement reveals that there is no provision dealing with representations by defendant with regard to zoning and structural issues.

As discussed above, the contract between the parties contained an integration clause stating that "this agreement contains the whole agreement between [plaintiff] and [defendant] and there are no other terms, obligations, covenants, representations, statements or conditions, oral or otherwise of a kind whatsoever concerning this sale." (Am. compl., exhibit A, "Agreement for the sale of commercial real estate," ¶26.) Any representations that defendant may have made prior to the execution of the agreement are barred by the parol evidence rule. Plaintiff has not alleged any facts to support a claim that such representations were deliberately not included in the agreement due to fraud in the execution. See *Yocca*, 578 Pa. at 497, 854 A.2d at 436. Accordingly, the parol evidence rule bars the admission of any evidence of prior oral or written negotiations, representations, or agreements entered into between the parties concerning structural defects and zoning issues.

Paragraph 10 of the agreement expressly states the parties' obligations with respect to zoning.

"(10) *Zoning Contingency (5-01)*

"☐ Waived

"☒ Elected. Within <u>20</u> days of the execution of this agreement by all parties, [plaintiff] will verify that the proposed use of the property as <u>continued operation</u> is permitted. In the event the proposed use is not permitted, *[plaintiff] will, within the time given for verification,* notify

"[defendant] in writing that the proposed use of the property is not permitted and [plaintiff] will: . . . .

*"Within the time for verifying the zoning classification,* notify [defendant], in writing, of [plaintiff's] decision to proceed with the purchase of the property or terminate the agreement. Should [plaintiff] elect to terminate the agreement all deposit monies paid on account of purchase price will be returned promptly to [plaintiff] and this agreement will be void. *Failure of [plaintiff] to provide written notice of [plaintiff's] decision will constitute a waiver of this contingency and [plaintiff] accepts the property and agrees to the release set forth in paragraph 25 of this agreement.* " (Am. compl., exhibit A, "Agreement for the sale of commercial real estate," ¶10. (emphasis in original))

The agreement contains an express provision with respect to zoning matters. The language of paragraph 10, quoted above, makes clear that it is solely plaintiff's responsibility to verify the zoning classification and to notify defendant of any discrepancies within the time agreed upon in paragraph 10. Plaintiff did not allege that he notified defendant of zoning discrepancies. Plaintiff has not alleged that he complied with the obligations set forth under paragraph 10 and cannot now benefit from

any of defendant's alleged representations not included in the fully integrated agreement. Plaintiff cannot modify or alter existing contractual provisions to shift the burden from himself to defendant to verify the zoning. The zoning of the property was a matter contemplated by the parties and specific provisions with respect to the process for determining and addressing zoning issues were included in the agreement. Plaintiff cannot expand upon or alter these provisions without violating the parol evidence rule. Thus, his claim for breach of contract on this ground lacks merit.

With regard to the purported structural defects of the property, plaintiff has not alleged that defendant breached any specific provision of the agreement nor has plaintiff alleged that he even inspected the property. Even if certain structural conditions were not disclosed, which could support a tort claim, plaintiff has failed to indicate how such conduct would constitute a breach of contract. Plaintiff appears to be attempting to insert a provision into the agreement which is not there. This preliminary objection will be sustained and plaintiff will be permitted to file an amended pleading.

For the reasons stated above, the court enters the following:

### ORDER

And now, November 19, 2009, upon consideration of the preliminary objections filed by defendant, Freeze & Frizz Inc., and the response of plaintiff, William J. Price Sr., it is ordered that defendant's preliminary objections are sustained in part and overruled in part.

To the extent that Count II alleges defendant intentionally withheld information with respect to the structural defects of the property, the preliminary objection is overruled.

In all other respects, the preliminary objection is sustained.

The preliminary objections are sustained with respect to Counts I and III.

Plaintiff is granted 20 days from the date of this order to file a second amended complaint.