2023 PA Super 181

| | | |
|---|---|---|
| LEE R. JOHNSON, JR. AND VICTORIA H. JOHNSON, H/W | : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | : : : : | |
| v. | : : : : | |
| | : | No. 2118 EDA 2022 |
| TOLL BROTHERS, INC., TOLL BROS., INC., TOLL PA VI, L.P., TOLL PA GP CORP., TOLL ARCHITECTURE, INC., AND TOLL ARCHITECTURE I P.A. ANDERSEN WINDOWS, INC., MURTAUGH BROTHERS, INC., M A CARDY CONSTRUCTION, INC., MACK-DONOHOE CONTRACTORS, INC. | : : : : : : : : : : | |

Appeal from the Order Entered August 5, 2022
In the Court of Common Pleas of Chester County Civil Division at No(s):
2018-08502-TT

BEFORE:  KING, J., SULLIVAN, J., and PELLEGRINI, J.[*]

OPINION BY PELLEGRINI, J.:                    **FILED SEPTEMBER 26, 2023**

Lee R. Johnson, Jr. and Victoria H. Johnson, H/W (the Johnsons) appeal an order of the Court of Common Pleas of Chester County (trial court) granting summary judgment in favor of Andersen Windows, Inc. (Andersen) and dismissing the Johnsons' claims against that party on the ground that they are procedurally barred by the economic loss doctrine, the gist of the action doctrine, and the statute of limitations. The Johnsons now assert that the trial court erred as a matter of law in making those rulings. We affirm.

_____

[*] Retired Senior Judge assigned to the Superior Court.

**I.**

The subject residence (the home) is located at 106 Marigold Court, Chester Springs, Pennsylvania. The home was designed and constructed by the above-captioned Toll entities, who are not parties to this appeal.[1] Throughout the home, the Toll entities installed Andersen 200 Series Windows (the windows) which had been manufactured, distributed, and sold by Andersen.

Construction of the home was completed on October 18, 2004. A certificate of occupancy was issued on that same date, and the home was then immediately conveyed to its original purchasers. The original purchasers later sold the home to the second purchasers who, in turn, sold the home to the Johnsons on September 13, 2016. In 2017, the Johnsons hired an inspector to evaluate the home, at which time the Johnsons discovered the alleged latent defects caused by the windows.

On August 21, 2018, the Johnsons commenced this case by filing a writ of summons. They filed a complaint in 2020, and then an amended complaint in 2021, asserting three claims against Andersen – negligence (count five); product liability – strict liability (count six); and product liability – breach of

---

[1] The trial court also granted summary judgment in favor of Toll, and the Johnsons have challenged that ruling in the appeal docketed at case number 2119 EDA 2022.

implied warranties of merchantability and fitness for particular use (count seven).[2]

The asserted damages caused by the windows included "[d]amage to the re-sale value of the home" and "damage to the interior and exterior of the [h]ome." First Amended Complaint, at paras. 63, 146. In their first amended complaint, the Johnsons enumerated the findings in their inspector's report:

> i. "I found in this case that the wall system put in place by the builder is taking on water due to defective and incorrectly installed windows, and failing/missing components on the exterior of the home. This condition has led to hidden water infiltration in the wall cavities."
>
> ii. "I found signs that the water is leaking into the wall beneath the windows."
>
> iii. "I found obvious signs of failure upon initial inspection."
>
> iv. "All defective frames will require replacement."
>
> v. "The exterior doors are rotting and leaking at the sill to jamb intersections."
>
> vi. "The door frames are failing, therefore they require replacement."
>
> vii. "The builder's mason failed to install the space required around the perimeter of the Andersen 200 windows. The mason also failed to leave enough room at the rowlocks under each of the windows."
>
> viii. "Most of the windows are installed without a drip cap or head flashing in the brick walls. The system is allowing water to penetrate into the wall cavity and drywall beneath the windows."

---

[2] The remaining counts in the Johnsons' suit were directed at the Toll entities and other parties involved with the construction of the home.

*Id*. at para 63.

Andersen filed a motion for summary judgment as to all claims alleged against it in the Johnsons' first amended complaint. The trial court entered an order on August 5, 2022, granting judgment in favor of Andersen and dismissing the Johnsons' claims against Andersen with prejudice. **See** Trial Court Order, 8/5/2022, at 1-2 n.1.

As to the negligence and product liability claims, the trial court found that the Johnsons were barred by the economic loss doctrine, as well as the gist of the action doctrine. **See id**. As to the implied warranty count, the trial court found that the Johnsons were barred by the applicable statute of limitations. **See id**.[3]

The Johnsons timely appealed, raising three issues for our consideration. They maintain that the economic loss doctrine does not apply because they suffered property damage to areas of the home other than the allegedly defective windows; that the gist of the action doctrine does not apply because Andersen breached a "social duty" of care to the Johnsons to supply windows that were not defective; and that the statute of limitations does not apply because the filing period for their warranty claim was tolled by the latent nature of the defect in the windows which was first discovered in 2017.

---

[3] The trial court later entered a 1925(a) opinion adopting the reasoning given in the August 5, 2022 order which is now on review.

- 4 -

## II.

The Johnsons first contend that the trial court erred in finding that the economic loss doctrine bars their tort claims because the windows were a separate component from the home and not an integrated component which would implicate the doctrine. According to the Johnsons, the windows have damaged the home's "internal structure" causing water intrusion and rotting wood near the window frames. The Johnsons seek to recover in damages the cost of repairing the home, remediation, and the diminution of the home's resale value.

"The general rule of law is that economic losses may not be recovered in tort (negligence) absent physical injury or property." **Spivack v. Berks Ridge Corp., Inc.**, 586 A.2d 402, 405 (Pa. Super. 1990). In a product liability action, a plaintiff cannot recover damages under tort theories such as negligence because a "contract action . . . is perfectly suited to providing an adequate remedy for such losses and recognizes the parties' ability to structure their relative liabilities and expectations regarding the product's performance by setting the terms of their contractual bargain." **REM Coal Co., Inc v. Clark Equipment Co.**, 563 A.2d 128, 129 (Pa. Super. 1989). "[W]here various components of a product are provided by the same supplier as part of a complete and integrated package, even if a defect in one component damages another, there is no damage to 'other property' of the

plaintiff." ***New York State Elec. & Gas Corp. v. Westinghouse Elec. Corp.***, 564 A.2d 919, 925 (Pa. Super. 1989).

Applying these concepts to the case at hand, we find that the Johnsons' claim has no merit as a matter of law. A residence, such as the home at issue, is akin to a single product that is the sum of its component parts. When a home is sold, the purchaser receives ownership of the entire structure. Here, the windows manufactured by Andersen were but one of the many components integrated into the overall construction of the home to the extent that the windows were, for present purposes, *a part* of the home itself. ***See e.g.***, ***Lupinski v. Heritage Homes, Ltd.***, 535 A.2d 656, 657-58 (Pa. Super. 1988) (damage to house caused by defective lumber used in construction caused only economic damages).

It is therefore of no avail for the Johnsons to argue that the windows were somehow "separate" from the home to the degree necessary to establish damage to "other property" and avoid the economic loss doctrine. Rather, any damage that the alleged defects in the windows could have caused to other parts of the home was purely economic damage to the home itself, which is not recoverable in tort. Thus, the trial court did not err in barring the Johnsons' claims on this ground because the economic loss doctrine applies as a matter of law.

**III.**

The Johnsons next claim that the trial court abused its discretion in applying the gist of the action doctrine and barring their product liability claims.[4]

"Implied warranties are implied by law to protect buyers from loss where goods purchased are below commercial standards." ***Barton v. Lowe's Home Centers, Inc.***, 124 A.3d 349, 357 (Pa. Super. 2015). The Pennsylvania Commercial Code provides that "a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind." 13 Pa.C.S. § 2314(a).

"In general, courts are cautious about permitting tort recovery based on contractual breaches." ***Hart v. Arnold***, 884 A.2d 316, 339 (Pa. Super. 2005) (citation omitted). When a plaintiff alleges that the defendant committed a tort in the course of carrying out a contractual agreement, Pennsylvania courts examine the claim and determine whether the "gist of the action" sounds in contract or tort. ***See Egan v. USI Mid-Atlantic, Inc.***, 92 A.3d 1, 18 (Pa. Super. 2014) (stating that the "gist of the action" doctrine is designed to maintain the conceptual distinction between breach of contract and tort

---

[4] On review of a trial court's order granting summary judgment, we must affirm unless it is shown that the trial court committed an error of law or abused its discretion. ***See Maas v. UPMC Presbyterian Shadyside***, 192 A.3d 1139, 1144 (Pa. Super. 2018). We must consider whether, in light of the record evidence, there exists a genuine issue of material fact. ***See Wright v. Misty Mountain Farm, LLC***, 125 A.3d 814, 818 (Pa. Super. 2015).

claims). A tort claim will be barred by the gist of the action doctrine if the claim:

> (1) aris[es] solely from the contractual relationship between the parties; 2) when the alleged duties breached were grounded in the contract itself; 3) where any liability stems from the contract; and 4) when the tort claim essentially duplicates the breach of contract claim or where the success of the tort claim is dependent on the success of the breach of contract claim.

*See Reardon v. Allegheny Coll.*, 926 A.2d 477, 486 (Pa. Super. 2007).

To determine whether the doctrine applies, courts must make a duty-based inquiry into whether the claim sounds in tort or contract:

> [T]he substance of the allegations comprising a claim in a plaintiff's complaint are of paramount importance, and, thus, the mere labeling by the plaintiff of a claim as being in tort, *e.g.*, for negligence, is not controlling. If the facts of a particular claim establish that the duty breached is one created by the parties by the terms of their contract – *i.e.*, a specific promise to do something that a party would not ordinarily have been obligated to do but for the existence of the contract – then the claim is to be viewed as one for breach of contract. If, however, the facts establish that the claim involves the defendant's violation of a broader social duty owed to all individuals, which is imposed by the law of torts and, hence, exists regardless of the contract, then it must be regarded as a tort.

*Bruno v. Erie Ins. Co.*, 106 A.3d 48, 68 (Pa. 2014) (citations omitted).

Here, the substance of the Johnsons' product liability tort claims is contractual in that they seek to hold Andersen liable for defects in the windows which Andersen sold to the builders of the Johnsons' home. To the extent Andersen owed a duty, it was to the builders who purchased the subject windows, pursuant to their contract of sale. We find nothing in the record or in governing decisional law supporting the Johnsons' contention that Andersen

breached a broader "social duty" owed to all individuals. Thus, the trial court did not err in dismissing the Johnsons' product liability claims against Anderson.

**IV.**

The Johnsons' third and final issue on appeal is that the trial court erred in finding that claim of breach of implied warranty of merchantability was barred by the statute of limitations.

"An action for breach of any contract for sale must be commenced within four years after the cause of action accrued." 13 Pa.C.S. § 2725(a). The applicable statute of limitations is clear that a "cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach." 13 Pa.C.S. § 2725(b). With respect to a breach of warranty claim, the action accrues "when tender of delivery is made, *except* that where a warranty *explicitly* extends to future performance of the goods and discovery of the breach must await the time of such performance[,] the cause of action accrues when the breach is or should have been discovered." ***Id***. (emphasis added).

Here, the construction of the Johnsons' home was completed in 2004, at which time a certificate of occupancy was issued and the first purchasers received ownership. Tender of delivery of the home (including the windows) was therefore made in 2004.

The Johnsons, who purchased the home in 2016, did not commence their action until 2018. The Johnsons rely on the exception in section 2725(b), arguing that the statute of limitations did not begin to run for their implied warranty of merchantability claim until the moment they discovered the windows' latent defects in 2017, making their warranty claim timely filed within the four-year limitations period.

The law is clear, however, that the Johnsons cannot successfully invoke the exception to section 2725(a) because, as this Court has held in several cases, an implied warranty claim, "by nature, cannot 'explicitly' extend to future performance," as would be required to make the exception applicable. *Nationwide Ins. Co. v. Gen. Motors Corp.*, 625 A.2d 1172, 1176 (Pa. 1993). Since the exception to section 2725(a) does not apply, the Johnsons had to assert their implied warranty claim within four years from the date the construction of the house was completed in 2004. The Johnsons failed to do so and, thus, the trial court did not err in granting summary judgment for Andersen and dismissing the implied warranty claim.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/26/2023