2019 PA Super 14

| | | |
|---|---|---|
| IN RE: ALLEN NADZAM, DECEASED | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| APPEAL OF: JOANN DOMITROVICH | : | No. 322 WDA 2018 |

Appeal from the Order Entered February 13, 2018
In the Court of Common Pleas of Beaver County Orphans' Court at
No(s):  Case No. 1104 of 2017

BEFORE:  BOWES, J., SHOGAN, J., and STABILE, J.

OPINION BY BOWES, J.:                                FILED JANUARY 14, 2019

JoAnn Domitrovich appeals from the order that dismissed her Petition for Citation to Show Cause Why an Accounting Should Not Be Filed By the Agent of the Power of Attorney of Allen Nadzam ("the Petition").  We affirm.

Ms. Domitrovich and Mandy Burket are among the six children of Allen Nadzam ("Decedent"), who died on July 1, 2017.  Ms. Domitrovich initiated this action by filing the Petition on November 9, 2017.  Therein, Ms. Domitrovich alleged both that she is a potential intestate heir of Decedent, and that Decedent had a will bequeathing his estate in six equal shares to his children.  Petition, 11/2/17, at ¶¶ 2, 9.  However, no will was probated, nor was an estate opened to otherwise distribute assets of Decedent's estate.

Ms. Domitrovich also averred in the Petition that Ms. Burket exercised undue influence to become Decedent's agent through a power of attorney prior to his death, and thereafter "transferred several, if not all, of the Decedent's assets into her own name."  Id. at ¶¶ 6-7.  Ms. Domitrovich further alleged

that Ms. Burket improperly influenced Decedent to execute a new will making herself the sole beneficiary. Id. at ¶ 7. Ms. Domitrovich contended that Ms. Burkett thus breached her duty as Decedent's agent, and sought "an accounting of [Ms.] Burket's management of the Decedent's assets . . . in order to determine whether [Ms.] Burket has breached her fiduciary duties." Id. at ¶ 12.

Upon the filing of the Petition, the clerk of the orphans' court issued a rule to show cause why an accounting should not be filed. Citation, 11/9/17. The citation was returnable on December 19, 2017, with a hearing scheduled to take place on that day.

Ms. Burket responded with preliminary objections to the Petition, stating, inter alia, that Ms. Domitrovich lacked capacity to sue because she failed to allege facts that establish that she is an aggrieved party. Preliminary Objections, 12/14/17, at ¶¶ 7-10. Attached to her brief in support of her objections, Ms. Burket produced a number of documents concerning the assets of Decedent. Those documents include, in chronological order:

> (1) a change-of-beneficiary form dated October 17, 2000, for retirement assets listing Ms. Burket as the secondary beneficiary after Decedent's then-wife (the couple later divorced);
>
> (2) a deed from July 25, 2012, transferring Decedent's Raccoon Township real property to Ms. Burket and her husband;
>
> (3) a PNC Bank statement from August 2012, reflecting Decedent and Ms. Burket as joint account holders;
>
> (4) a durable power of attorney dated October 15, 2012, naming Ms. Burket as Decedent's attorney-in-fact; and

(5) a will executed by Decedent on December 21, 2012, naming Ms. Burket as his sole beneficiary.

See Brief in Support of Preliminary Objections, 12/14/17, at Exhibits A-E.

As a result of the filing of preliminary objections, the orphans' court canceled the December 19, 2017 hearing, directed Ms. Domitrovich to file a response to the preliminary objections, and scheduled oral argument to take place on January 23, 2018.

At the argument, Ms. Burket contended that Ms. Domitrovich lacks standing to seek an accounting because she is not an aggrieved person: all of Decedent's assets were transferred inter vivos, there is no estate, and even if there were an estate, everything would go to Ms. Burket. N.T., 1/23/18, at 7-8. Ms. Burket further argued that an accounting would be unduly burdensome because it would be expensive, going back many years to 2012, and because the only asset handled by Ms. Burket as power of attorney during Decedent's lifetime—the bank account—became wholly owned by Ms. Burket upon Decedent's death such that Ms. Domitrovich stands to gain nothing regardless of what the accounting would show. Id. at 9-10.

Ms. Domitrovich responded by acknowledging that many of the asset transfers pre-dated the power of attorney, but noted that Decedent "had ongoing income. He had ongoing expenses. That's what we're looking at. That's where we're trying to see if there was any malfeasance." Id. at 12. Ms. Domitrovich indicated that her focus was upon how Ms. Burket "handled

- 3 -

[Decedent's] affairs from the date the [p]ower of [a]ttorney was signed until his death." Id. Ms. Domitrovich argued that if an accounting showed malfeasance by Ms. Burket, Decedent's "estate would be entitled to a surcharge based on . . . however much is determined that she incorrectly handled [Decedent's] affairs." Id. at 15. Ms. Domitrovich explained that at that point, it

> would be the appropriate time to ask to set aside the will . . . because until that happens no will has been submitted for probate. We can't ask to set aside a will that hasn't been admitted to probate.
>
> And if there is not an estate, which there isn't presently, there is no reason for her to ever file that will.
>
> But if there is malfeasance and the estate is entitled to recovery from her, then an estate would have to be filed. At that point we can ask to set aside the will.

Id.

Ms. Burket countered that, even if an accounting disclosed funds that should be returned to the estate, the money would just end up back with her:

> if we go around to each asset and things are set aside and even if there is a misappropriation during this accounting, she is the one hundred percent heir of the estate. So if there is some type of malfeasance or some misappropriation that should go to the estate, she's the estate.
>
> That's what our argument is here on preliminary objections that [Ms.] Domitrovich is not an aggrieved party. She is, the only way to get to her is setting aside every single thing that has been done since 2000.
>
> . . . I feel that placing a burden on my client to prepare this accounting for that possibility, as remote as it is, is just overly

burdensome. I just don't believe they have averred anything that leads to . . . require that at this point.

Id. at 22-23.

On February 14, 2018, the orphans' court entered an order sustaining the preliminary objections "as the Decedent's will provides for his sole heir and executrix to be [Ms.] Burket." Order, 2/14/18. The order further provided that, if Ms. Domitrovich wished to contest the validity of the will, she was "directed to request the grant of letters testamentary or letters of administration from the register of wills if so entitled . . . or request that the register issue a citation directing [Ms.] Burket to deposit the purported will or show cause why she should not do so . . . ." Id.

Ms. Domitrovich filed a timely notice of appeal, and both she and the orphans' court complied with Pa.R.A.P. 1925. Ms. Domitrovich presents four questions for our consideration, which we have reordered for ease of disposition.

> 1. Is this appeal interlocutory as suggested in the order of court filed by this Honorable Court on March 16, 2018?[1]
>
> 2. Did the trial court commit an error of law in determining that standing is required when the [orphans'] court has independent statutory authority under the plain language of 20 Pa.C.S. § 5610 to order an accounting that is not dependent on the standing of the petitioner?

---

[1] On March 16, 2018, this Court entered an order directing Ms. Domitrovich to show cause why this appeal should not be quashed as interlocutory. Ms. Domitrovich filed a response in which she contended that the appealed-from order is final and appealable. This Court discharged the rule, indicating that the merits panel assigned to the case may revisit the issue.

 3. Did the [orphans'] court commit an error of law in relying on Rock v. Pyle, 720 A.2d 137 (Pa.Super. 1998), which involved an accounting of a trust controlled by a trust agreement and not the filing of an account under a power of attorney?

 4. Notwithstanding the foregoing, did the [orphans'] court commit an error of law in determining that Ms. Domitrovich lacked standing to compel an accounting as an intestate heir of the Decedent's estate?

Ms. Domitrovich's brief at 2-3 (unnecessary capitalization omitted).

We first consider whether we have jurisdiction to entertain this appeal. An appeal may be taken as of right from a final order. Pa.R.A.P. 341(a). A final order is one that disposes of all claims and of all parties. Pa.R.A.P. 341(b)(1). "As a general rule, where preliminary objections are sustained and a complaint is dismissed, the order sustaining the preliminary objections and dismissing the complaint is final and appealable." Gasbarini's Estate v. Med. Ctr. of Beaver Cty., Inc., Rochester Div., 409 A.2d 343, 345 (Pa. 1979). However, when the dismissal is without prejudice for the party to file an amended pleading to cure defects, the order is interlocutory, as it does not put the party "out of court." Lichtenwalner by Lichtenwalner v. Schlicting, 552 A.2d 302, 302-03 (Pa.Super. 1989).

Ms. Domitrovich's petition sought an accounting of Ms. Burket's actions taken pursuant to the power of attorney executed by Decedent. The trial court dismissed the petition. Although its order indicated that Ms. Domitrovich may seek wholly different relief (e.g., contesting the validity of Decedent's will) by instituting new proceedings, it left no outstanding claims or parties remaining

in the instant action. Therefore, we conclude that the trial court's February 14, 2018 order is a final, appealable order. Accord P.T. v. M.H., 953 A.2d 814, 817 (Pa.Super. 2008) (holding order dismissing appellants' custody complaint for lack of standing was final and appealable despite fact that appellants could litigate their custody claims in a separate dependency proceeding).

Ms. Domitrovich's remaining issues challenge the dismissal of her petition for lack of standing. We consider them mindful of the following standard of review.

> In determining whether the [o]rphans' [c]ourt properly [sustained] . . . preliminary objections . . ., we review the ruling for an error of law or abuse of discretion. On an appeal from an order sustaining preliminary objections, we accept as true all well-pleaded material facts set forth in the appellant's complaint and all reasonable inferences which may be drawn from those facts. Preliminary objections seeking the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief; if any doubt exists, it should be resolved in favor of overruling the objections.
>
> Threshold issues of standing are questions of law; thus, our standard of review is de novo and our scope of review is plenary.

Rellick-Smith v. Rellick, 147 A.3d 897, 901 (Pa.Super. 2016) (cleaned up).

Ms. Domitrovich maintains that the statute governing an orphans' court's power to direct an attorney-in-fact to give an accounting, 20 Pa.C.S § 5610, has no standing requirement. She asserts that, pursuant to its plain language, the orphans' court may at any time require an account to be filed. Ms. Domitrovich's brief at 11-12. She contends that the orphans' court erred

in relying upon this Court's decision in Rock, supra, to reach the opposite conclusion. Ms. Domitrovich's brief at 18-19. Finally, Ms. Domitrovich argues that, even if standing is required, she has established her standing as an aggrieved party as Decedent's intestate heir. Id. at 14.

Section 5610 provides, in relevant part, that "[a]n agent shall file an account of his administration whenever directed to do so by the court and may file an account at any other time." 20 Pa.C.S. § 5610. From the statute it is clear that the orphans' court has power to direct the filing of an account as part of its oversight of decedents, estates, and fiduciaries. See 20 Pa.C.S. § 711(22) (providing that the orphans' court has jurisdiction over "All matters pertaining to the exercise of powers by agents acting under powers of attorney"). As such, Ms. Domitrovich is correct that the statute does not mandate that the request for such an accounting be initiated by a party with standing.

However, Ms. Domitrovich offers no authority for her apparent contention that an orphans' court should or must require an accounting anytime any person requests one, and that this Court should reverse a decision not to direct an accounting just because someone requested it. Rather, this Court has held that the generally-applicable rules regarding standing are at issue in this context.

> In Pennsylvania, the doctrine of standing is a prudential, judicially[-]created principle designed to winnow out litigants who have no direct interest in a judicial matter. For standing to exist, the underlying controversy must be real and concrete, such that

the party initiating the legal action has, in fact, been "aggrieved." The core concept of standing is that a person who is not adversely affected in any way by the matter he seeks to challenge is not "aggrieved" thereby and has no standing to obtain a judicial resolution to his challenge. A party is aggrieved for purposes of establishing standing when the party has a substantial, direct and immediate interest in the outcome of litigation. A party's interest is substantial when it surpasses the interest of all citizens in procuring obedience to the law; it is direct when the asserted violation shares a causal connection with the alleged harm; finally, a party's interest is immediate when the causal connection with the alleged harm is neither remote nor speculative.

Rellick-Smith, supra at 901 (quoting Office of Governor v. Donahue, 98 A.3d 1223, 1229 (Pa. 2014)) (emphasis added).

This Court's decision in Rock, supra, which was relied upon by the orphans' court, is instructive. In Rock, the non-custodial parent of trust beneficiaries filed a petition to compel an accounting pursuant to a statute that, using the same language as § 5610, provided: "A trustee shall file an account of his administration whenever directed to do so by the court and may file an account at any other time." 20 Pa.C.S. § 7181.[2] The orphans' court dismissed the petition based upon lack of standing, and this Court affirmed.

Citing the tenets of standing doctrine and the statutory language discussed above, this Court determined that the appellant failed to establish that he had standing to obtain an equitable accounting, or an accounting based upon the statute, of the actions of the trustee:

_____

[2] Section 7181 was deleted in 2006. However, the current statute, 20 Pa.C.S. § 7797(a), includes identical language.

In the instant case, there are no facts of record to establish a fiduciary relationship between [a]ppellant and [a]ppellee as [t]rustee of the minor children's trust account. Appellant is neither the guardian of the person nor of the estate of the minor beneficiaries. Further, [a]ppellant has not alleged any fraud or misrepresentation by [a]ppellee. . . . Given these circumstances, equity will not burden the trust to supply and absorb the cost of a formal accounting simply because [a]ppellant is curious.

. . . .

The minor beneficiaries of this trust are the only real parties in interest to the trust. It is only to them or to a party acting on their behalf that [a]ppellee must account. Appellant, on the other hand, is not a party in interest, is not the appointed guardian of the beneficiaries, nor is he acting on their behalf. Therefore, [a]ppellant has no standing to demand an accounting under the facts of this case.

Rock, supra at 142-43 (citation and footnote omitted).

Similarly, Ms. Domitrovich has established no fiduciary relationship between herself and Ms. Burket, nor alleged any fraud on the part of Ms. Burket in exercising her agency powers. Rather, the allegations of impropriety in the petition relate to transfers that occurred before Decedent executed the power of attorney,[3] and to Ms. Burket's influence upon Decedent's modification of his will. Petition, 11/2/17, at ¶¶ 6-7. Concerning Ms. Burket's actions as agent for Decedent, Ms. Domitrovich indicated, both in her petition and at oral argument, not that she had cause to believe that malfeasance

_____

[3] Cf. Rellick-Smith, supra at 904 (holding orphans' court erred in holding petitioner lacked standing to challenge actions of agent where petitioner alleged that she had been a named beneficiary of totten trust until agent used power of attorney to remove petitioner as beneficiary).

occurred, but that she wanted an accounting to determine if any impropriety occurred. Id. at 12; N.T., 1/23/18, at 12-15. Accordingly, under Rock, Ms. Domitrovich failed to allege facts to establish her standing to seek an accounting.[4]

Ms. Domitrovich asserts that, even if standing is required, she has established herself as an aggrieved party because she is the intestate heir of Decedent. Ms. Domitrovich's brief at 14. We disagree. As the orphans' court explained, Ms. Domitrovich is not at present a party-in-interest who would be aggrieved by such actions:

> Assuming, arguendo, that [Ms.] Burket, as agent, misappropriated [D]ecedent's property prior to his passing, [Ms.] Burket as beneficiary would be the aggrieved party. Thus, we fail to see the utility in compelling an accounting from the agent of a power of attorney, which when drafted contemplated said agent to be sole beneficiary of the estate under the will, on petition of a party who, by her own admission currently has no stake in the disposition of [D]ecedent's assets. Were this court to entertain [Ms. Domitrovich's] request for an accounting and irregularities were discovered, and then impose a surcharge upon [Ms.] Burket for breaching her fiduciary duty, any amounts she is surcharged

---

[4] Ms. Domitrovich submits that Rock is distinguishable because that case involved a trust rather than an agent acting pursuant to a power of attorney. Ms. Domitrovich's brief at 18. She argues that "trusts and powers of attorney fundamentally differ from one another" in that trusts require definite beneficiaries, while "the concept of 'beneficiaries,' definite or otherwise, is foreign to the formation of a power of attorney." Id. at 19-20.

The distinction is not relevant to our standing inquiry. As indicated above, standing doctrine applies to all controversies regardless of subject matter. Moreover, the language of the trustee-accounting statute not only is identical to that of § 5610, but the comment to § 5610 expressly provides that it was derived from the account provisions of the statutes related to trusts. 20 Pa.C.S. § 5610 Comment.

would ultimately be returned to the estate of which she is sole beneficiary; this seems like a fruitless exercise.

It was for this reason that the [orphans'] court noted in its February 13, 2018 order that [Ms. Domitrovich] may wish to request the grant of letters testamentary or letters of administration or request that the register of wills issue a citation directing [Ms.] Burket to deposit the purported will pursuant to 20 Pa.C.S. § 3137. Following a will contest in which [Ms. Domitrovich] prevails, this court would agree that she would have standing to then compel an accounting and contest any actions taken by [Ms.] Burket as agent under the power of attorney and any amounts thereafter surcharged would be returned to the estate to which [Ms. Domitrovich] would be a beneficiary.

Orphans' Court Opinion, 4/25/18, at unnumbered 5-6 (footnotes and unnecessary capitalization omitted).

We find the reasoning of the orphans' court to be sound. Ms. Domitrovich wishes to explore whether there is sufficient value to be had before she undertakes the burden of establishing that she is a real party in interest by litigating whether she is a beneficiary of Decedent. However, standing doctrine requires that she first establish that she has a direct interest in the outcome of the proceeding before she may invoke the court's authority to direct the filing of an account. The orphans' court explained to Ms. Domitrovich the means by which she may attempt to so.

Unless and until a beneficiary other than Ms. Burket is established, an accounting would require Ms. Burket to expend resources for no purpose. Accordingly, the orphans' court properly concluded that there was no reason to direct an accounting at this juncture.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>1/14/2019</u>