J-S06003-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| VINCENT P. AVERSA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MERCER | : | No. 2697 EDA 2018 |

Appeal from the Order Entered July 17, 2018
In the Court of Common Pleas of Lehigh County Civil Division at No(s):
No. 2017-C-0888

BEFORE:  BOWES, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY BOWES, J.: **FILED JULY 1, 2019**

Vincent P. Aversa ("Plaintiff") appeals from the order of July 17, 2018, that sustained the preliminary objections of Mercer ("Defendant") and dismissed Plaintiff's second amended complaint with prejudice.[1]  We quash the appeal.

We glean the following case history from the record.  Plaintiff initiated this action by filing a complaint on March 24, 2017.  Plaintiff alleged therein that a portion of his monthly pension benefits from his employer MACK/UAW had been paid to Elaine Vetoviyz, his former spouse, pursuant to a qualified

_____

[1] Also before us is an application to withdraw filed by Plaintiff's counsel, Donald P. Russo, Esquire, in which he indicates that on April 25, 2019, our Supreme Court suspended him from practicing law for five years.  We grant the application.  As all briefing was concluded in this appeal prior to the suspension, we deem it appropriate to proceed with resolution of the appeal. Our prothonotary shall assure that Mr. Aversa is personally served with this and any future filings in this matter.

domestic relations order, and that Defendant, "a large human relations consulting firm," wrongfully failed to pay Plaintiff the full amount of his pension benefits for approximately two years after Ms. Vetovitz died. Complaint, 3/24/17, at ¶¶ 6-12. Plaintiff indicated that the damages sought pursuant to the Wage Payment and Collection Law ("WPCL") were "within the limits set for judicial arbitration[.]" *Id*. at unnumbered page 4. The trial court issued an order setting a discovery deadline for the case and providing that the matter be scheduled for arbitration on the next available list following the close of discovery. Order, 3/29/17.

Defendant filed preliminary objections as to improper service and federal preemption. Preliminary Objections, 7/5/17, at 5-7. Plaintiff filed an amended complaint raising the same claim, but adding allegations (a) that Defendant "had the authority to resolve the payment issue" as to Plaintiff's MACK/UAW pension, and (b) related to attempts to serve Defendant. Amended Complaint, 7/18/17, at ¶¶ 8-22. Defendant filed preliminary objections to the amended complaint, again raising challenges to service and preemption, as well as lack of capacity to sue, contending that Plaintiff did not state any claim for "wages" under the WPCL.[2] Preliminary Objections, 8/7/17, at 10-12.

---

[2] Defendant also noted that correspondence Plaintiff attached to his amended complaint indicated that Plaintiff's full pension benefit had been restored, and that he had received a lump sum retroactive payment, including interest, of

By order of November 14, 2017, the trial court sustained Defendant's preliminary objections to improper service and lack of capacity to sue, and dismissed Plaintiff's complaint with leave for him to file a second amended complaint and serve it properly. Order, 1/14/17, at 1-2. The trial court specifically indicated that the latter objection was sustained based upon the fact that Defendant did not fall within the WPCL's definition of employer, and Plaintiff's amended complaint did not allege that Defendant was an agent of Plaintiff's employer. *Id*. at 4 n.3.

On November 30, 2017, Plaintiff filed his second amended complaint, and the arbitration calendar judge (not the same as the trial court judge) entered an order scheduling the matter for an arbitration hearing. Shortly after the entry of the scheduling order, Defendant filed preliminary objections to the second amended complaint, again alleging lack of capacity to sue on the basis that Defendant was not an employer under the WPCL and raising preemption. In its brief in support of preliminary objections, Defendant correctly noted that the language of the second amended complaint was identical to the first, and provided no additional factual averments to support Plaintiff's right to sue Defendant for violation of the WPCL despite the trial court's prior ruling. Memorandum of Law in Support of Preliminary Objections,

_____

the amounts that had been due to him between Ms. Vetovitz's death and the resumption of full monthly payments. **See** Preliminary Objections, 8/7/17, at 11; Letter, 3/8/17 (appended without designation to Plaintiff's amended complaint). Thus, Plaintiff had no unpaid sum of any sort due to him.

1/4/18, at 2. Noting that "the matter [was] listed for arbitration" and that the pending preliminary objections "may be dispositive of the matter," the trial court *sua sponte* continued the arbitration hearing. Order, 4/19/18.

By order filed and mailed to the parties on July 17, 2018, the trial court sustained Defendant's preliminary objection as to lack of capacity to sue, and dismissed Plaintiff's second amended complaint with prejudice. Order, 7/17/18, at 1. The trial court explained the dismissal with prejudice was because Plaintiff previously was given the opportunity to amend his complaint "to plead additional facts which would demonstrate that [Defendant] is an agent of [Plaintiff's employer,]" but that he failed to allege any such facts in his second amended complaint. *Id*. at 1-2, n.1.

Also on July 17, 2018, presumably before the parties received notice of the dismissal of the complaint, Defendant submitted a form application for a continuance of the arbitration proceeding, which had been scheduled to take place on August 22, 2018. Therein, Defendant cited the pendency of the latest set of preliminary objections. Application for Continuance, 7/25/18. Plaintiff opposed the continuance. *Id*. The arbitration calendar judge, also apparently unaware of the dismissal of the complaint, denied Defendant's then-moot application to continue the August 22, 2018 arbitration hearing by order of July 25, 2018. Order, 7/25/18.

Plaintiff thereafter filed a motion for reconsideration, seeking leave to file a third amended complaint. Motion for Reconsideration. 7/27/18, at

unnumbered 2. By order filed August 13, 2018, the trial court denied the motion for reconsideration and noted that the August 22, 2018 arbitration hearing was cancelled.

Plaintiff filed a notice of appeal on September 6, 2018, and Plaintiff and the trial court complied with Pa.R.A.P. 1925. On October 11, 2018, this Court issued a rule to show cause why the appeal should not be quashed as untimely filed. Appellant filed a response suggesting that the trial court's ordering of a Rule 1925(b) statement validated the appeal, and seemingly citing the July 25, 2018 order denying the continuance of the arbitration proceeding as indication that the matter was not final until the arbitration hearing subsequently was cancelled. Response to Rule to Show Cause, 10/18/18. This Court discharged the rule, but provided that the issue may be revisited by the panel assigned to adjudicate the appeal. Order, 10/19/18.

As the timeliness of an appeal is jurisdictional, we address the issue before considering the merits of the claims raised by Plaintiff.[3] **In re Steele,** 177 A.3d 328, 331 (Pa.Super. 2017). With exceptions not relevant here, a notice of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a). An appeal properly lies from a final order. "A final order is one that disposes of all claims and of all parties." **In re Nadzam**, 203 A.3d 215, 219 (Pa.Super. 2019).

---

[3] Both the trial court and Defendant advocate for quashal. Trial Court Opinion, 10/24/18; Defendant's brief at 25-26.

- 5 -

"As a general rule, where preliminary objections are sustained and a complaint is dismissed, the order sustaining the preliminary objections and dismissing the complaint is final and appealable." *Id*. at 219. (cleaned up). *See also D'Elia v. Folino*, 933 A.2d 117, 121 (Pa.Super. 2007) ("[A]n order granting preliminary objections in the nature of a demurrer is a final order and is, therefore, appealable to this Court immediately."). An exception to the general rule is "when the dismissal is without prejudice for the party to file an amended pleading to cure defects," as such an order "does not put the party 'out of court.'" *Nadzam*, *supra* at 219.

In the case *sub judice*, the trial court's July 17, 2018 order sustaining Defendant's preliminary objections to Plaintiff's second amended complaint expressly provided that the dismissal was **with prejudice**. Thus, the order disposed of all claims and all parties, and was a final, appealable order. Accordingly, to be timely, Plaintiff's notice of appeal had to be filed on or before August 16, 2018. Plaintiff did not file his appeal until September 6, 2018.

Plaintiff purported to appeal from the August 10, 2018 order denying his motion for reconsideration. *See* Notice of Appeal, 9/6/18. However, "Pennsylvania case law is absolutely clear that the refusal of a trial court to reconsider, rehear, or permit reargument of a final decree is not reviewable on appeal." *Cheathem v. Temple Univ. Hosp.*, 743 A.2d 518, 521 (Pa.Super. 1999). Moreover, Plaintiff's filing of a motion for reconsideration

did not toll the thirty-day period for filing a notice of appeal. ***See***, ***e.g.***, ***In re Greist***, 636 A.2d 193, 195 (Pa.Super. 1994) ("[I]t is well-settled that while a trial court maintains jurisdiction to reconsider an order for up to 30 days even where an appeal has been filed, merely filing a motion for reconsideration will not toll the appeal period.").

In arguing that this appeal should not be quashed, Plaintiff notes that "the trial court invoked the procedures set forth in Rule 1925(b)" after his appeal was filed by ordering him to file a statement of errors complained of on appeal, and that he complied by filing a timely statement. Plaintiff's brief at 18. Plaintiff offers no explanation as to how these facts cure our jurisdictional defect, let alone any authority to suggest that the trial court's request for Plaintiff to state the basis of his appeal to assist in drafting its opinion to this Court somehow confers jurisdiction on this Court to adjudicate the merits of his claims. The Rule 1925 procedures simply have no effect on the timeliness of Plaintiff's appeal.

Plaintiff also points us to the order denying Defendant's request for a continuance, and argues as follows:

> The July 25th order clearly indicated that [Defendant's] request to continue the August 22, 2018 arbitration was denied. Said action was taken by the trial court within the thirty-day appellate appeal period. It indicated that the August 22, 2018 arbitration would be conducted as previously ordered on July 2, 2018. Given these facts, this appeal should not be quashed.

***Id***. (unnecessary capitalization omitted).

- 7 -

Again, Plaintiff offers no legal authority to support his contentions. Nor do we discern any logical significance of these facts to the timing of his appeal. The July 17, 2018 order entered by the trial judge resolved the matter in its entirety by dismissing Plaintiff's complaint with prejudice. The July 25, 2018 order was entered by the arbitration calendar judge, who was apparently unaware of the trial court's order sustaining Defendant's preliminary objections and dismissing the case. As Defendant aptly observes, the arbitration calendar judge's July 25, 2018 order, which unknowingly denied a then-moot request, "did not reinstate any claims or parties to the case." Defendant's brief at 26. The simple fact is that, upon the trial court's dismissal of Plaintiff's second amended complaint, there were no pending claims or parties to arbitrate at the scheduled hearing.

The trial court's July 17, 2018 order was final and immediately appealable.[4] Since Plaintiff's filing of a motion for reconsideration did not toll the appeal period, and Plaintiff did not file his notice of appeal within thirty days of the July 17, 2018 order, we are required to quash this appeal as untimely.

Appeal quashed. Application to withdraw of Donald P. Russo, Esquire, granted.

---

[4] *Cf. Dahl v. AmeriQuest Mortgage Co.*, 954 A.2d 588, 592 (Pa.Super. 2008) (holding order dismissing only some of the plaintiff's claims was properly appealed within thirty days of its becoming final upon entry of judgment on an arbitration award that disposed of the remaining claims).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/1/19